UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MARLON C.,

Petitioner,

v.

PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; IMMIGRATION & CUSTOMS ENFORCEMENT; DARREN K. MARGOLIN, Director for Executive Office for Immigration Review; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; RYAN SHEA, Sheriff of Freeborn County,

Respondents.

Case No. 26-CV-0606 (PJS/LIB)

ORDER

---

David L. Wilson and Olivia Anderson-Petroske, WILSON LAW GROUP, for petitioner.

Ana H. Voss and Julie T. Le, UNITED STATES ATTORNEY'S OFFICE, for all respondents except Ryan Shea.

David John Walker, FREEBORN COUNTY ATTORNEY'S OFFICE, for respondent Ryan Shea.

This matter is before the Court on petitioner Marlon C.'s petition for a writ of habeas corpus.[1] Marlon, a citizen of Venezuela, entered the United States without inspection on or about April 13, 2023. V. Pet. ¶¶ 29–30. Following his entry, the government apprehended Marlon and then released him. *Id.* ¶ 30. Marlon has no criminal history and has applied for asylum. *Id.* ¶ 35; ECF No. 6 at 6. Immigration and Customs Enforcement ("ICE") nevertheless arrested Marlon in December 2025, and Marlon has been detained since. V. Pet. ¶ 32. Marlon is currently detained in Albert Lea, Minnesota. *Id.* ¶ 36.

Respondents take the position that Marlon is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore is not entitled to a bond hearing under 8 U.S.C. § 1226(a). This position reflects both new interim guidance from ICE and recent precedent from the Board of Immigration Appeals finding that § 1225, rather than § 1226, applies to aliens who entered without inspection and have been residing in the United States. *See Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 963 (D. Minn. 2025) (discussing the interim guidance); *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

Following his arrest, Marlon filed this habeas action. This is one of numerous recent cases challenging the application of § 1225(b)(2) to aliens who are living in the

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

United States unlawfully. This Court recently held that, because such aliens are not "seeking admission," *see* § 1225(b)(2), that provision does not apply to them. *See Santos M.C. v. Olson*, No. 25-CV-4264 (PJS/DJF), 2025 WL 3281787, at *3 (D. Minn. Nov. 25, 2025).

While respondents' argument to the contrary has some has some force, the Court continues to believe that the better reading is that § 1225(b)(2) does not apply to aliens, such as Marlon, who entered without inspection and are already present and living in the United States.[2] The Court therefore holds that Marlon is not subject to mandatory detention under § 1225(b)(2).

As to remedy: The Court agrees with Judge Tostrud's analysis in *Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026), that an arrest warrant is a prerequisite to detention under § 1226(a). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." (emphasis added)). Marlon alleged in his petition and reply that his arrest was warrantless, *e.g.*, V. Pet. at 24 ¶ 5; ECF No. 6 at 9, and respondents have not argued otherwise or presented evidence to the contrary. The Court will therefore grant Marlon's petition and order his release.

---

[2]The Court notes that respondents' arguments to the contrary are preserved for appeal. *See* ECF No. 5.

# ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner's petition for habeas corpus [ECF No. 1] is GRANTED.

2. The Court DECLARES that petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

3. Respondents must release petitioner from custody immediately.

4. If petitioner has been removed from Minnesota, respondents are ORDERED to immediately return petitioner to Minnesota.

5. Respondents are ENJOINED from withholding petitioner's personal documents and effects upon petitioner's release.

6. The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 29, 2026

/s/ Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court